UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| KARL E. LINDERMAN, | ) | Case No. 6:09-BK-02087-KSJ |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |

MEMORANDUM OPINION GRANTING
<u>CREDITOR'S MOTION TO COMPEL</u>

The issue is whether a debtor must reaffirm a mortgage debt in order to keep his home and to comply with Section 521 of the Bankruptcy Code.[1] Riverside Bank of Central Florida holds a second mortgage on the debtor's home. The debtor is current on his mortgage payments and owes the bank approximately $32,000. When the debtor filed this Chapter 7 case, he timely filed a Statement of Intentions indicating that he intended to retain his home and to continue making his regular payments. The debtor contends that, due to the statutory revisions made in the Bankruptcy Abuse Protection and Consumer Protection Act of 2005 (BAPCPA), he is entitled to keep his home but is not required to reaffirm or redeem the debt due to Riverside, primarily because the debt is secured by real (not personal) property. Riverside disagrees and has filed a motion seeking an order compelling the debtor to reaffirm or redeem the debt, if he chooses to keep the property, or, alternatively, to surrender the property to the bank (Doc. No. 14). The Court will grant Riverside's motion and give the debtor 30 days to determine whether he will either surrender the house or, instead, will reaffirm or redeem the debt. In the interim, the Clerk is directed to defer entry of the discharge for a sixty-day period to ensure the debtor's compliance with this order.

Whether a debtor can keep real property securing a mortgage loan by simply making payments and not reaffirming the debt, the so-called ability to "ride-through," remains an issue even

---

[1] Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.

after enactment of BAPCPA in 2005. Previously, a split existed among the circuit courts of appeals as to whether ride-through was allowed or not. Several, perhaps the majority of circuits, held that debtors indeed could retain secured collateral without reaffirming the debt, exercising the ride-through option. *In re Price*, 370 F.3d 362, 379 (3d Cir. 2004); *McClellan Federal Credit Union v. Parker* (*In re Parker*), 139 F.3d 668, 673 (9th Cir. 1998); *Capital Community Federal Credit Union v. Boodrow* (*In re Boodrow*), 126 F.3d 43, 51 (2d Cir. 1997); *Home Owners Funding Corp. v. Belanger* (*In re Belanger*), 962 F.2d 345 (4th Cir. 1992); *Lowry Federal Credit Union v. West* (*In re West*), 882 F.2d 1543, 1547 (10th Cir. 1989). Other circuits, including the Eleventh Circuit Court of Appeals, rejected the ride-through option and held that the "plain language" of Bankruptcy Code Section 521(2) "does not permit a Chapter 7 debtor to retain the collateral property without either redeeming the property or reaffirming the debt." *Taylor v. AGE Federal Credit Union* (*In re Taylor*), 3 F.3d 1512, 1517 (11th Cir. 1993); *In re Edwards*, 901 F.2d 1383 (7th Cir. 1990); *In re Bell*, 700 F.2d 1053, 1056-58 (6th Cir. 1983).

Although these cases addressed retention of personal property, typically cars, all of the appellate courts focused not on the type of property, real or personal, but on the language of Bankruptcy Code Section 521(2)(A), which, in pertinent part, required a debtor who has consumer debts secured by property to file a statement of intention "with respect to the retention or surrender of such property and, *if applicable*, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property." (*Emphasis added*.) The courts allowing the ride-through option interpreted the "if applicable" language to give debtors options other than reaffirming or redeeming, i.e., debtors could retain property as long as they kept the payments current. Courts prohibiting the ride-through option, as the Eleventh Circuit ruled in *Taylor*, held that the statute provided a debtor wanting to retain property with only two options: to reaffirm or to redeem. *Taylor*, 3 F.3d at 1516 ("Referring to the language preceding the phrase 'if applicable,' it is clear when the options of redemption and

reaffirmation would not be applicable. This language does not apply to a debtor's surrender of property; it therefore must apply to a debtor's retention of property. If a debtor retains secured property, then the options of redemption and reaffirmation are applicable, and the debtor is required to redeem or reaffirm.").

Against this backdrop of conflict among the circuits on the efficacy of the ride-through option, in 2005, Congress passed BAPCPA. Section 521(2)(A) was re-designated as Section 521(a)(2)(A), and the statute was extended to encompass all debts, not just consumer debts; however, the language of the statute did not otherwise change. Rather, Congress enacted three other sections that appear to remove the ride-through option for *personal* property in those circuits that previously had allowed debtors to retain personal property without reaffirming or redeeming. First, the new Section 521(a)(6)[2] specifically provides that a debtor shall not retain possession of personal property unless the debtor reaffirms or redeems. Second, the former Section 521(2)(C) was re-designated as Section 521(a)(2)(C) and was amended to clarify that nothing in Sections 521(a)(2)(A) or (B) altered the debtor's or trustee's property rights, *except as provided in Section 362(h)*.

---

[2] Specifically, Section 521(a)(6) provides as follows:

**(a)** The debtor shall—
  ….
**(6)** in a case under chapter 7 of this title in which the debtor is an individual, not retain possession of personal property as to which a creditor has an allowed claim for the purchase price secured in whole or in part by an interest in such personal property unless the debtor, not later than 45 days after the first meeting of creditors under Section 341(a), either—

  **(A)** enters into an agreement with the creditor pursuant to Section 524(c) with respect to the claim secured by such property; or
  **(B)** redeems such property from the security interest pursuant to Section 722[.]

(*Emphasis added*.) Third, the new Section 362(h)[3] provides that the automatic stay terminates with respect to personal property if the debtor does not timely file a statement of intention or does not timely perform the stated intention by the statutory deadline. Now, debtors cannot retain *personal* property securing a debt anywhere in the country without first attempting to reaffirm the debt or to redeem the property.

The issue then becomes what happens if a debt is secured by *real* property. Does the old split among the circuits still exist or did BAPCPA somehow resolve the split by eliminating or by allowing the ride-through option as to real property? Several bankruptcy courts have held that, in their jurisdiction which previously allowed the ride-through option, BAPCPA did *not* alter the result as to real property. *In re Waller*, 394 B.R. 111 (Bankr. S.C. 2008); *In re Caraballo*, 386 B.R. 398 (Bankr. Conn. 2008); *In re Wilson,* 372 B.R. 816 (Bankr. S. C. 2007); *In re Bennet*, No. 06-80241, 2006 WL 1540842 (Bankr. M.D. N.C. May 26, 2006). Each of these courts held that debtors owning real estate encumbered by mortgage loans can retain their homes by making regular payments and need not redeem or reaffirm, finding that BAPCPA, first, made no significant change to Section 521(a)(2)(A), and, second, that the three new or altered provisions in BAPCPA (Sections 521(a)(6),

---

[3] Specifically, Section 362(h) provides as follows:

**(1)** In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by Section 521(a)(2)—

    **(A)** to file timely any statement of intention required under Section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to Section 722, enter into an agreement of the kind specified in Section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to Section 365(p) if the trustee does not do so, as applicable; and

    **(B)** to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

**(2)** Paragraph (1) does not apply if the court determines, on the motion of the trustee filed before the expiration of the applicable time set by Section 521(a)(2), after notice and a hearing, that such personal property is of consequential value or benefit to the estate, and orders appropriate adequate protection of the creditor's interest, and orders the debtor to deliver any collateral in the debtor's possession to the trustee. If the court does not so determine, the stay provided by subsection (a) shall terminate upon the conclusion of the hearing on the motion.

521(a)(2)(C), and 362(h)) only removed the ride-through option as to personal property. BAPCPA essentially is silent as to whether a debtor is required to either reaffirm or redeem real property. Therefore, in concluding that the ride-through option survives as to real but not personal property, each of these courts ultimately rested their opinions upon the established law that existed in their particular jurisdiction prior to BAPCPA.

The debtor now argues that this Court should ignore the Eleventh Circuit opinion in *Taylor* and hold that, because BAPCPA only required a debtor to expressly reaffirm a debt or redeem personal property, it implicitly allows debtors to make other decisions, such as using the ride-through option, in connection with real property. The Court rejects the debtor's position.

The Eleventh Circuit was clear under the still unchanged language of Section 521(a)(2)(A)—a debtor must act either to redeem or to reaffirm a debt if the debtor desires to retain the collateral. The appellate decision makes no distinction between real or personal property; nor is any distinction merited. The Eleventh Circuit looked at the plain language of the statute and interpreted the language to prohibit ride-through, regardless of the type of property involved. The modifications enacted by BAPCPA simply support the Eleventh Circuit's conclusion as to personal property. Nationally, debtors no longer can keep personal property without reaffirming the debt or redeeming the property. All debtors are treated similarly in every circuit.

The Court acknowledges that a split apparently still exists as to real property collateral. Certain courts in jurisdictions that previously allowed the ride-through option have returned to pre-BAPCPA law to conclude that the option remains viable for real property. However, such is not the case in this circuit. The Eleventh Circuit clearly has stated that a Chapter 7 debtor must either redeem or reaffirm a debt if the debtor wants to keep the collateral. As to personal property, the ruling is national. As to real property, the decision in *Taylor* is still applicable and controlling, unless and until the Eleventh Circuit rules otherwise.

Accordingly, the debtor in this case may surrender the real property, or, if he chooses, he may either redeem the property or reaffirm the debt in order to comply with Section 521(a)(2)(A).[4] The Court will grant Riverside's motion (Doc. No. 14) and compel the debtor to file an amended statement of intention and perform the appropriate action within 30 days of the entry of this order. In the interim, the Clerk is directed to defer entry of the discharge for a sixty-day period to ensure the debtor's compliance with this order. A separate order consistent with this Memorandum Opinion shall be entered.

DONE AND ORDERED on October 9, 2009.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtor:  Karl E. Linderman, 406 Seymoure Court, Oviedo, FL  32765

Debtor's Attorney:  Norman L. Hull, 746 North Magnolia Avenue, Orlando, FL  32803

Trustee:  Scott R. Fransen, P.O. Box 536696, Orlando, FL  32853

United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL  32801

Creditor:  Riverside Bank of Central Florida, c/o Esther McKean, Akerman Senterfitt, 420 S. Orange Avenue, Suite 1200, Orlando, FL  32801

---

[4] The debtor will comply with his obligations under Section 521(a)(2)(A) by filing a reaffirmation agreement (or by surrendering the property or redeeming the debt). The Court will review any filed reaffirmation agreement that is not signed by an attorney or that creates an undue hardship for the debtor. The issue of whether the Court ultimately would approve any such reaffirmation agreement is premature.